

Signed and Filed: May 04, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KENNETH C. GREENE and<br>BARBARA J. GREENE,<br><br>              Debtors.<br>_____<br>KENNETH C. GREENE and<br>BARBARA J. GREENE,<br><br>              Plaintiffs,<br><br>   vs.<br><br>LORETTA FERRARO,<br><br>             Defendant.<br>_____ | Case No. 98-13553<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 11-1063 |

**MEMORANDUM RE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

    On May 2, 2011, the court held a hearing on the motion for temporary restraining order filed by Kenneth C. Greene and Barbara J. Greene (collectively the Greenes). Kenneth C. Greene appeared <u>in pro per</u> for the Greenes. Iain A. Macdonald appeared for Loretta Ferraro (Ferraro). Upon due consideration, for the reasons stated below, and for the reasons stated on the record at the hearing, the court denies the motion for temporary restraining order.

    (1) The motion for temporary restraining order is denied, because the Greenes have not established that Ferraro asserts a

MEMORANDUM RE MOTION FOR TRO    -1-

pre-petition claim against the Greenes in Marin County Superior Court Case No. CIV-095990 (the State Court Action).

(2) The Greenes' sworn Schedule A (Real Property)[1] and the April 26, 1998 agreement between the Greenes and Ferraro establish that, on the September 22, 1998 petition date, the Greenes held a twenty percent tenancy-in-common interest in the real property commonly known as 91 Corte Del Bayo, Larkspur, California (the Property) and Ferraro and her partner, Bonnie Wagstaff,[2] held the remaining eighty percent interest in the Property. Only the Greenes' twenty percent interest in the Property became property of their bankruptcy estate. 11 U.S.C. § 541(a)(1); In re Keefe, 2010 WL 1417796 (Bankr. E.D. Va. 2010). There is no evidence that title to the Property changed before or after the Greenes filed their bankruptcy petition.[3] For example, there is no evidence that the Greenes' sworn Schedule A was in error, that the estate purchased Ferraro's interest in the Property, or that the trustee sold Ferraro's interest in the Property.

(3) The Greenes have not established that Ferraro is asserting any claim in the State Court Action *other than* a claim for harm to Ferraro's ownership interest in the Property based upon the Greenes' post-petition conduct. The discharge injunction does not bar a claim against a debtor that is based on post-petition

---

[1] Schedule A, which the Greenes filed in their 1998 bankruptcy case (Case No. 98-13553), is attached as Exhibit D to the adversary proceeding complaint.

[2] Ms. Wagstaff is now deceased. There is no evidence in the record regarding what happened to her ownership interest in the Property.

[3] Although the Greenes contend that Ferraro no longer held title to the Property at the time the Greenes filed their bankruptcy petition, and that Ferraro is no longer on title, there is no evidence before this court that this is so.

**MEMORANDUM RE MOTION FOR TRO** -2-

conduct;[4] nor did the discharge or any other aspect of the Greenes' prior bankruptcy case vitiate any ownership interest Defendants had in the Property.[5]

(4) If she wishes to do so, the Judge presiding over the State Court Action is invited to call the above-signed Judge at 415-268-2360 regarding this order.

**\*\*END OF MEMORANDUM\*\***

---

[4] 11 U.S.C. § 541(a)(3).

[5] The discharge injunction would, however, bar any *in personam* claim by Ferraro against the Greenes, such as a claim for fraud in the inducement in the execution of the 1998 contract, unless Ferraro were to establish in a proceeding before this court that such claim were excepted from the Greenes' discharge.

**MEMORANDUM RE MOTION FOR TRO**                -3-